Walter WARREN, Plaintiff,

v.

STATE OF MISSOURI, et al.,
Defendants.

No. 89–4401–CV–C–9.

United States District Court,
W.D. Missouri, C.D.

Sept. 26, 1990.

Thomas M. Schneider, Jones, Schneider & Bartlett, Columbia, Mo., for plaintiff.

Michael R. Whitworth, Missouri Atty. General's Office, Michael E.C. Pritchett, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

BARTLETT, District Judge.

On September 26, 1986, plaintiff, an inmate at the Missouri State Penitentiary (MSP), suffered a broken wrist while working in the "furniture factory." On September 20, 1989, plaintiff filed this case against the State of Missouri; Missouri Department of Corrections and Human Resources (Department of Corrections); Dick D. Moore (Moore), Director of the Department of Corrections; Bill M. Armontrout (Armontrout), Warden at MSP; Leonard C. Rutledge (Rutledge), Correctional Industries Coordinator II; Richard A. Anderson (Anderson), Factory Manager II; and Richard K. Bowers (Bowers), MSP Medical Officer. Plaintiff made three claims: 1) a claim pursuant to 42 U.S.C. § 1983 based on violations of his rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution; 2) a negligence claim; and 3) a claim based on breach of the statutory duty (Mo.Rev.Stat.

§ 217.560) to provide suitable machinery and equipment for prison inmates. Plaintiff seeks actual damages, punitive damages, attorney's fees and costs.

On October 6, 1989, defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiff opposed this motion on November 13, 1989.

On February 28, 1990, I ordered dismissal of plaintiff's claims against the State of Missouri and the Department of Corrections and ordered additional briefing on the application of the Eighth Amendment to work-related injuries and on the precise nature of plaintiff's Fourteenth Amendment claim.

On March 20, 1990, plaintiff filed Supplemental Suggestions in Opposition to Defendants' Motion to Dismiss. On the same date, plaintiff also moved for leave to amend paragraph 15 of Count I of his Complaint to read as follows:

That additionally, Defendants Armentrout [sic] and Bowers have failed and continue to fail to provide physical therapy to Complainant to alleviate or minimize the injury to Complainant's wrist and/or forearm even though said Defendants knew or were on notice that Complainant needed and was having trouble obtaining or was being denied physical or vocational therapy.

On April 6, 1990, defendants filed Supplemental Suggestions in Support of their Motion to Dismiss. Defendants did not oppose plaintiff's March 20, 1990, Motion to Amend his Complaint. On April 20, 1990, I granted plaintiff's Motion to Amend and on May 9, 1990, plaintiff's First Amended Complaint was filed.

I. *Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim for a Work–Related Injury*

Count I of plaintiff's First Amended Complaint asserts a claim "pursuant to 42 U.S.C. § 1983 and the Eighth Amendment and the Fourteenth Amendment to the United State Constitution." Paragraph 13 of Count I of the First Amended Complaint states as follows:

That the Defendants herein acted with deliberate indifference to Complainant's safety and rights by failing to provide a safe table saw for Complainant's and other prisoner's [sic] use, even though they had actual notice or reasonably should have known that said saw posed a high risk of injury due to other and prior accidents, incidents or injuries.

In order to state an Eighth Amendment claim, "a prisoner must show that prison officials 'deliberately deprived' him of his constitutional rights. Deliberate deprivation may result from actual intent to deprive him of his rights or from recklessness in ignoring known threats." *Wade v. Haynes*, 663 F.2d 778, 781 (8th Cir.1981), *citing Schaal v. Rowe*, 460 F.Supp. 155, 157 (S.D.Ill.1978).

The conditions under which a prisoner is confined may constitute cruel and unusual punishment unless the conditions complained about "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). For instance, deliberate indifference to the serious medical needs of inmates constitutes an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976).

Other federal courts have found Eighth Amendment violations in situations where the medical needs of inmates were not at issue. For example, the Eighth Circuit Court of Appeals recently held that confinement for two years in a cell covered with filth and human waste constituted cruel and unusual punishment. *Howard v. Adkison*, 887 F.2d 134 (8th Cir.1989).

In *Wade v. Haynes*, 663 F.2d 778, the Eighth Circuit Court of Appeals recognized that reckless indifference to a prisoner's safety can represent an Eighth Amendment violation. *Wade* concerned an assault on a prisoner which took place when he was placed in a unit with another prisoner who had been recommended for separation from the general prison population.

The Seventh Circuit Court of Appeals also has held that deliberate indifference

on the part of prison officials to violent attacks and sexual assaults by other inmates implicates the Eighth Amendment. *Walsh v. Brewer*, 733 F.2d 473, 476 (7th Cir.1984).

Whether the Eighth Amendment applies to work-related prison injuries has been touched upon in several decisions. The Eighth Circuit Court of Appeals has held that prison work requirements that compel inmates to perform physical labor that is beyond their strength, endangers their lives or causes undue pain constitute cruel and unusual punishment. *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir.1977). In *Ray*, a prisoner was required to repair flat tires, push nonoperative machinery and perform other manual labor for 90 to 120 hours per week. The prisoner sought injunctive relief because he could not do the hard labor because he was disabled.

The Fifth Circuit Court of Appeals has found Eighth Amendment violations when prisoners are required to work excessive hours or when work is used for punitive purposes. *Howard v. King*, 707 F.2d 215 (5th Cir.1983) (work in excess of 56 hours a week for over a year); *Woolsey v. Beto*, 450 F.2d 321 (5th Cir.1971) (punitive work assignments for an inmate suffering from tuberculosis). In *Jackson v. Cain*, 864 F.2d 1235 (5th Cir.1989), the court held that being forced to work without a mask in the presence of heavy corn dust did not, in and of itself, violate the Eighth Amendment. However, plaintiff's allegations that his working conditions aggravated an underlying medical condition stated an Eighth Amendment claim.

In *Benson v. Cady*, 761 F.2d 335, 337 (7th Cir.1985), a prisoner alleged that he suffered injuries when a missing screw caused one of the weights on barbell exercise equipment he was using to slip off and strike him. In addition, the prisoner alleged that his bed fell on him because one of the hooks which held it in its daytime vertical position was missing. Because the prisoner's claim inadequately had alleged

that the state acted with deliberate indifference, the Seventh Circuit Court of Appeals did not reach the issue of whether a prisoner has an Eighth Amendment right to be protected from injury caused by dangerous and defective physical objects in the prison environment. *Id.* at 340.

■ In paragraph 13 of Count I, plaintiff alleges that defendants were deliberately indifferent to a known risk of physical harm. I cannot say, as a matter of law, that requiring a prisoner to work with a machine that is known to be dangerous would not violate the Eighth Amendment.[1]

Defendants assert that even if plaintiff has stated a claim for relief under the Eighth Amendment, his claim should be dismissed because it is barred by the doctrine of qualified immunity. In *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (Citations omitted.)

Defendants assert that:

> To the best of counsel's knowledge, the United States Supreme Court has never decided if or under what circumstances, condition in a work environment in a correctional facility would violate the Eighth Amendment. Because of the absence of any definitive guidance from the United States Supreme Court, the right asserted by the plaintiff concerning the conditions on the table saw in the furniture factory cannot be said to be clearly established.

In *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2817–20, 86 L.Ed.2d 411 (1985), the Court concluded that the doctrine of qualified immunity protected the Attorney General from suit for his authorization of a warrantless wiretap in an internal security

---

1. Defendant's counsel asserts that prisoners apply to work in the furniture factory. They are not involuntarily assigned there. This fact is not properly presented under Rule 56 so the motion is not converted to a Motion for Summary Judgment. For the same reason, the statements by plaintiff's counsel about the safety record of the machine will not be considered.

matter. Uncertainty regarding the legitimacy of warrantless national security wiretapping existed at the time the Attorney General acted. The Supreme Court did not hold until after the Attorney General had acted that he did not have the authority to order warrantless wiretaps in domestic national security cases.

*Mitchell* does not support defendants' argument that a government official is shielded by the doctrine of qualified immunity unless the Supreme Court has addressed specifically the exact behavior alleged to be a violation of the Constitution. "We do not intend to suggest that an official is always immune from liability or suit for a warrantless search merely because the warrant requirement has never explicitly been held to apply to a search conducted in identical circumstances." *Id.* 105 S.Ct. at 2820, n. 12.

In *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987), the Court stated:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. That is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ... but it is to say that in light of preexisting law the unlawfulness must be apparent.

(Citations omitted.)

■ The Supreme Court has not addressed the specific issue of whether work-related injuries in a prison environment can violate the Eighth Amendment. However, it has held that conditions of prison confinement can violate the Eighth Amendment and that deliberate indifference to the serious medical needs of prisoners is cruel and unusual punishment. The Court has stated that "the Amendment embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency ...,' against which we must evaluate penal measures." *Estelle v. Gamble,* 97 S.Ct. at 290 (citation omitted). In defining the contours of the Eighth Amendment, lower courts have held that deliberate indiffer-

ence to the safety of prisoners constitutes cruel and unusual punishment.

Accepting as true the allegations of plaintiff's Complaint, as I must do in ruling a Rule 12(b)(6) motion, defendants are not shielded from liability by the doctrine of qualified immunity. For instance, if defendants required that plaintiff work on a machine in the furniture factory that they knew posed a serious risk of injuring plaintiff, they would have violated the clearly established prohibition against reckless indifference to a prisoner's safety.

**II.** *Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim for Denial of Medical Treatment*

"[D]eliberate indifference to serious, medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (citation omitted).

■ In paragraph 15, plaintiff alleges defendants Bowers and Armontrout acted with "deliberate indifference" in failing to provide physical therapy for plaintiff because they "knew or were on notice that Complainant needed and was having trouble obtaining or was being denied physical or vocational therapy." Deliberate indifference to a prisoner's serious medical needs violates a clearly established constitutional right and defendants Armontrout and Bowers are not entitled to qualified immunity. *Harlow v. Fitzgerald,* 102 S.Ct. at 2738. Paragraph 15 of plaintiff's First Amended Complaint states a valid Eighth Amendment claim.

**III.** *Defendants' Motion to Dismiss Plaintiff's Due Process Claim*

■ In *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989), the Court held that it is improper in a § 1983 action to rely on a substantive due process claim when there is a specific constitutional standard that governs plaintiff's claimed right. In *Graham,* the plaintiff sued law enforcement officials under the Fourth Amendment and Fourteenth Amendment (substantive due process) for using excessive force. The Court stated

that "[b]ecause the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental contact, that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims." *Id.*

Plaintiff has brought his claim under the Eighth Amendment that provides explicit constitutional protection to prisoners against cruel and unusual punishment. Plaintiff cannot bring a separate, independent claim under § 1983 for the same behavior based on substantive due process.

Accordingly, it is hereby ORDERED that:

1) defendants' Motion to Dismiss plaintiff's § 1983 claim under the Eighth Amendment based on the broken wrist plaintiff received in the "furniture factory" at MSP is denied;

2) defendant's Motion to Dismiss plaintiff's § 1983 claim under the Eighth Amendment based on alleged deliberate indifference to plaintiff's serious medical need for physical therapy for his broken wrist is denied;

3) defendants' Motion to Dismiss plaintiff's § 1983 claim under the Fourteenth Amendment is granted; and

4) within 20 days from the date of this order, defendants shall file their Answer to plaintiff's First Amended Complaint.