

---

James T. Thompson, argued (Elizabeth A. Heine, on brief), Kansas City, Mo., for appellant.

Robert Presson, Jefferson City, Mo., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and PECK,[*] Senior Circuit Judge.

WOLLMAN, Circuit Judge.

John Bibbs, a Missouri State Penitentiary inmate, appeals from the district court's[1] grant of summary judgment for LeeRoy Black, Bill Armontrout, Donald Wyrick, Calvin Beard, Leonard Wilson, Arthur Ulrey, Francis O'Brien, and Leonard Rutledge (collectively, the prison officials). We affirm.

On February 2, 1985, Bibbs lost portions of two fingers when they became entangled in the gears of the "inker" in the license plate manufacturing facility at the prison. On January 29, 1985, Bibbs filed a pro se complaint, alleging that the removal of the guards covering the gears of the inker had created such a risk of hazard to Bibbs that for him to work on the machine violated his constitutional right to be free from cruel and unusual punishment. Some

John BIBBS, Appellant,

v.

Bill ARMONTROUT; Lee Roy Black; Donald Wyrick, Warden; Calvin Beard; Leonard Wilson; A. Ulrey; Francis O'Brien; Leonard Rutledge, Appellees.

No. 90–2323.

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1991.

Decided Aug. 28, 1991.

Rehearing Denied Oct. 1, 1991.

---

[*] The HONORABLE JOHN W. PECK, United States Senior Circuit Judge for the Sixth Circuit, sitting by designation.

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

 

four years later, on February 13, 1989, counsel was appointed to represent Bibbs in the district court. Counsel filed an amended complaint, alleging that the prison officials had actual knowledge of the dangerous condition of the inker resulting from the absence of the safety guards and thus were guilty of willful, wanton, and reckless indifference to Bibbs' safety. Following extensive and thorough discovery by Bibbs' counsel, the prison officials moved for summary judgment, which the district court granted.

The Supreme Court has made clear that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, — U.S. —, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991) (citations and emphasis omitted). Wantonness in the context of an Eighth Amendment claim "does not have a fixed meaning but must be determined with 'due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged.'" *Id.* at 2326 (quoting *Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)). Where the conduct is not undertaken in an emergency situation such as existed in *Whitley*, the prison officials' state of mind must be assessed in the light of the "deliberate indifference" standard set forth in *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). *Wilson*, 111 S.Ct. at 2326. We have recognized that the intentional placing of prisoners in dangerous surroundings or the manifestation of deliberate indifference to their safety violates the Eighth Amendment. *Fruit v. Norris*, 905 F.2d 1147, 1150 (8th Cir.1990). Mere negligence, however, will not satisfy the deliberate indifference standard. *Wilson*, 111 S.Ct. at 2328.

Bibbs' complaint alleges in essence that he was injured because of the prison officials' negligence in ignoring the condition of machines in the license plate plant. We agree with the district court that there was no evidence that the prison officials inten-

tionally placed prisoners in a dangerous situation. Bibbs points to no evidence showing that the prison officials knew that guards were not covering the gears of the inker or that they willfully overlooked the condition of the equipment. In the absence of such evidence, Bibbs cannot prevail on his Eighth Amendment claim. Accordingly, the judgment of the district court is affirmed.[2]

---

2. This abbreviated opinion should not be read as in any way reflecting on the performance of Bibbs' counsel. To the contrary, the record reveals that counsel prepared the case in a most thorough manner. Likewise, pursuant to our appointment, he has represented Bibbs most zealously and effectively on appeal.