Walter WARREN, Plaintiff–Appellant,

v.

STATE OF MISSOURI; Dick Moore; Bill Armontrout; Leonard Rutledge; Richard A. Anderson; Richard K. Bowers; Keith Heidbreder; Loren Stout, Defendants–Appellees.

No. 92–3496.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1993.

Decided May 28, 1993.

Thomas M. Schneider, Columbia, MO, for appellant.

Greg Allen Perry, Jefferson City, MO, for appellee.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

LOKEN, Circuit Judge.

In September 1986, Missouri inmate Walter Warren's wrist was struck and broken by a board that kicked back from the industrial table saw he was operating at the furniture factory at the Missouri State Penitentiary in Jefferson City, Missouri. Warren commenced this action under 42 U.S.C. § 1983, alleging that the defendant prison officials violated his Eighth Amendment rights in two respects: four defendants acted with "deliberate indifference" to his safety by failing to equip the saw with "anti-kickback fingers" despite knowledge of similar prior injuries, and three defendants failed to provide physical therapy to alleviate or minimize his injury. The district court[1] granted defendants' motion for summary judgment, concluding that qualified immunity bars Warren's unsafe work place claim; that Warren provided no

---

1. The HONORABLE D. BROOK BARTLETT, United States District Judge for the Western District of Missouri, who accepted the Report and Recommendation of the HONORABLE SARAH W. HAYS, United States Magistrate Judge for the Western District of Missouri.

evidence that defendants were deliberately indifferent to his serious medical needs; and that the court should decline to exercise pendent jurisdiction over his state law claims. Warren appeals. We affirm.

Defendants are entitled to qualified immunity as a matter of law if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Warren argues that it was clearly established in 1986 that the deliberate indifference standard adopted for prison medical treatment in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), would be applied to prison working conditions. Defendants argue that they are entitled to qualified immunity on Warren's unsafe work place claim because the law governing prison working conditions was not clearly established in 1986—since prison work is voluntary, it was by no means clear that the Eighth Amendment standards for medical treatment would apply to safety issues in the prison work place.

■ Recent cases suggest that the deliberate indifference standard does govern safety conditions in the prison work place. *See Bibbs v. Armontrout*, 943 F.2d 26 (8th Cir. 1991), applying *Wilson v. Seiter*, —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, we need not resolve whether this standard was clearly established at the time of Warren's injury because, in opposing defendants' motion for summary judgment, Warren failed to "set forth specific facts showing that there is a genuine issue" of whether defendants were deliberately indifferent to a serious issue of work place safety. Fed.R.Civ.P. 56(e).

Defendants' motion for summary judgment included an affidavit by defendant Leonard Rutledge, Industries Coordinator at the prison, estimating that the furniture factory's table saws had been operated 28,640 man-hours in the five years preceding Warren's injury. Rutledge attached to his affidavit copies of twenty-nine table saw injury reports for that period. The reports reveal a variety of accidents and injuries—many of them quite minor—and reflect efforts by prison officials to determine whether the saws were in proper working condition when those accidents occurred. In response, Warren submitted only an unattested list of twenty-one prior injuries, described in Warren's legal memorandum as injuries resulting from similar industrial saw kickback accidents. Thirteen of the injuries on Warren's list are recorded in the reports attached to the Rutledge affidavit; Warren provided no foundation as to the others. Even assuming that one or more defendants had knowledge of the allegedly similar prior accidents—and Warren's proof of that was seriously deficient—this showing falls far short of creating a genuine issue of deliberate indifference to a serious issue of work place safety. Thus, Warren is left with only his claim that defendants negligently provided him an unsafe work place. Because mere negligence is not a constitutional deprivation, *see Wilson*, —— U.S. at ——, 111 S.Ct. at 2328, defendants are clearly entitled to qualified immunity on that claim. *See Siegert v. Gilley*, —— U.S. ——, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

■ Turning to the Eighth Amendment medical treatment claim, Warren concedes that the initial treatment of his broken wrist was proper. He argues that physical therapy was then prescribed but not provided, but he has offered no evidence that physical therapy was necessary to treat a serious medical problem. Indeed, in support of their motion for summary judgment, defendants submitted deposition testimony by *Warren's* expert witness that such therapy would not have improved his condition. After carefully reviewing the record, we agree with the district court that Warren presented no facts supporting his claim of a serious medical need for physical therapy, and therefore defendants are entitled to summary judgment dismissing this claim.

Finally, Warren argues that the district court erred in dismissing his pendent state law claims with prejudice. However, the district court has entered an amended judgment dismissing those claims without prejudice, so this issue is moot.

The judgment of the district court is affirmed.