Darris F. **LEE** and Linda Lee, Plaintiffs,

v.

Johnny **SIKES** and Marvis W. Driggers, Defendants.

Civ. A. No. CV293–109.

United States District Court, S.D. Georgia, Brunswick Division.

Oct. 4, 1994.

---

3. In making today's ruling the court accepts all findings of fact derived from state proceedings.

Douglas Wayne Alexander and R. Dean Weiss, Brunswick, GA, for plaintiffs.

Lester Benjamin Johnson, III and Linzie F. Bogan, Savannah, GA, for defendants.

## ORDER

ALAIMO, District Judge.

Plaintiff, Darris F. Lee ("Lee"), formerly an inmate at Rogers Correctional Institution, was attacked by a boar hog while working at his assigned duties in the prison's hog farm operation. He now brings this federal question action against Johnny Sikes, Warden at Rogers C.I., and Marvis Walter Driggers, Jr., the supervisor of the hog farm operation.

Lee alleges that Defendants deprived him of his rights, privileges and immunities under the Fifth, Eighth and Fourteenth Amendments in violation of 42 U.S.C. § 1983. Specifically, Lee claims (1) an Eighth Amendment violation for wanton and total disregard for his safety by failing to provide proper facilities, training and protective equipment (a workplace safety claim), (2) an Eighth Amendment violation for failure to provide adequate medical care, and (3) a Fourteenth Amendment violation based on the same conduct. Lee also alleges state law claims including negligent employment, failure to train and supervise, and failure to warn of unsafe conditions. His wife, Linda Lee, claims loss of consortium.

Before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants' motion is actually one for partial summary judgment, for it only addresses two of Lee's federal claims. The motion does not address Lee's Eighth Amendment claim for failure to provide adequate medical care or his state law claims. For the reasons stated below, Defendants' motion is GRANTED as to Lee's Eighth Amendment workplace safety claim and his Fourteenth Amendment claim.

## FACTS

On May 20, 1991, Darris Lee was sentenced to five years in prison after pleading guilty to three counts of burglary and one count of attempted burglary. Lee initially went to Coastal Correctional Institution, Garden City, Georgia, but was eventually assigned to Rogers Correctional Institution, Reidsville, Georgia.

When Lee arrived at Reidsville, he went through a classification and testing process. He was eventually assigned to the hog barn work detail. Lee's initial duties included cleaning and feeding the hogs. After a few weeks, Lee began working in the breeding barn.

While working in the breeding barn, Lee was attacked by a boar hog. Lee claims that the hog escaped after he properly placed the hog in the breeding pen. The parties stipulate that Lee's injuries included a 10–12 centimeter laceration behind his right knee. Plaintiffs allege that Lee suffered additional injuries to his back, head and shoulders. The parties agree that Lee was given emergency medical treatment at Georgia State Prison, but Plaintiffs contend Lee was not given proper follow up medical care and was released on parole while still undergoing treatment for his injuries.

Defendants have moved for summary judgment on the grounds that (1) Defendants did not act with deliberate indifference as required for Lee's Eighth Amendment claim and (2) there was no deprivation of a protected interest as required for Lee's Fourteenth Amendment claim.

## DISCUSSION

## I. SUMMARY JUDGMENT

Summary judgment requires the movant to establish the absence of genuine issues of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970). Summary judgment is also proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The non-moving party to a summary judgment motion need make this showing only after the moving party has satisfied its burden. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). The court should consider the

pleadings, depositions and affidavits in the case before reaching its decision, Fed. R.Civ.P. 56(c), and all reasonable inferences will be made in favor of the non-movant. *Adickes,* 398 U.S. at 158–59, 90 S.Ct. at 1608–10.

## II. *FEDERAL CLAIMS*

### A. *§ 1983 Liability*

Section 1983 provides a civil action for persons claiming violations of their rights secured by the Constitution and laws of the United States.[1] As stated above, Lee alleges § 1983 claims based primarily upon violations of the Eighth and Fourteenth Amendments.

### B. *Eighth Amendment Violation for Failure to Provide for the Safety of Darris Lee while in Defendants' Custody*

Lee claims that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment by failing to provide him with "proper facilities, training, or protective equipment to work with the breeding hogs." (Plaintiffs' Amended Complaint at ¶ 13.) Lee further alleges that Defendants assigned him to "work directly with the hogs which were known to have vicious tendencies" in wanton and total disregard for his safety. (Plaintiff's Amended Complaint at ¶ 11.)

#### 1. Deliberate Indifference

■■■ Prison work assignments are considered conditions of confinement subject to scrutiny under the Eighth Amendment. *Choate v. Lockhart,* 7 F.3d 1370, 1373 (8th Cir.1993). To establish an Eighth Amendment violation based on prison workplace safety, a plaintiff must show deliberate indifference. *Id.; see also Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (deliberate indifference required for Eighth Amendment claim for inadequate medical

care); *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (deliberate indifference required for Eighth Amendment claim challenging living conditions).

■■■ Defendants argue that summary judgment is proper because there is no genuine issue of material fact as to deliberate indifference. The Court agrees. While the hog farm operation at Reidsville may not be a perfect example of workplace safety, Defendants' conduct simply does not rise to the level of deliberate indifference.

Lee offers the following evidence of deliberate indifference to prisoner safety: Defendant, Marvis Driggers, the supervisor of inmates at the hog barn, testified that he has no input as to which inmates are assigned to the hog barn. He cannot refuse any inmates, but must work with anyone assigned to him. The inmates are not trained upon their arrival, but "kind of [fall] into the routine and learn as they go." (Marvis Driggers' dep. at 25.) The inmates are randomly assigned jobs within the hog barn operation, regardless of their background. In fact, Driggers testified that he knows nothing about the inmates' backgrounds. An arriving inmate simply assumes the responsibilities of the inmate whom he is replacing. The turnover of inmates at the hog farm is quite high. The average length of stay is three months.

The prison does have a one-page list of "Hog Unit Safety Rules and Regulations" which includes the following warning: "Herder boards should always be used when moving boars and sows. Never turn your back on a boar." Lee was not given any equipment to use when moving the hogs. Lee never saw the safety rules and neither did his supervisor, Defendant, Marvis Driggers. Having never seen the rules, Driggers could not enforce them. Driggers testified that he thought the inmates were briefed before being assigned to the hog unit.

1. Section 1983, in pertinent part, provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the depriva-

tion of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress. 42 U.S.C. § 1983.

Lee was unsupervised the day a hog escaped from the breeding pen and attacked him. Driggers testified that, in the past, hogs have escaped from the various pens. The boar hogs at Rogers C.I. are quite large. They weigh between 250 and 450 pounds.

The parties have not cited and the Court has been unable to locate any Eleventh Circuit cases discussing what constitutes deliberate indifference in the workplace safety context. The Eighth Circuit, however, has dealt with this specific issue on several occasions. In deciding what constitutes deliberate indifference, mere negligence or inadvertence is insufficient. *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir.1993) (citing *Wilson v. Seiter*, 501 U.S. 294, 305, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991)). Rather, in the work assignment or workplace safety context, prison officials are deliberately indifferent when they "knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir.1977).

A particular Eighth Circuit decision is instructive in this regard. *See Warren v. State of Mo.*, 995 F.2d 130 (8th Cir.1993). In *Warren*, an inmate suffered a broken wrist when a board kicked back from the table saw he was operating in the prison's furniture factory. The inmate brought an action under § 1983 alleging that the defendants violated his Eighth Amendment rights by failing to equip the saw with "anti-kickback fingers" despite knowledge of similar prior injuries. *Id.* at 130. The court held that "even assuming that one or more defendants had knowledge of the allegedly similar prior accidents ... this showing falls far short of creating a genuine issue of deliberate indifference to a serious issue of workplace safety." *Id.* at 131.

Likewise, even assuming that Defendants, Sikes and Driggers, knew that boar hogs were dangerous or knew that protective equipment should be used, such a showing falls short of creating a genuine issue of deliberate indifference to workplace safety. In attempting to establish a question of fact as to deliberate indifference, Lee relies almost entirely on the one-page list of 'Hog Unit Safety Rules and Regulations' and Defendant, Driggers', corresponding ignorance of these rules. The Court notes, however, that in order to be *deliberately* indifferent to safety rules, Defendants would, at least, have to be aware of them. At most, Lee's evidence shows that Defendants were negligent in assigning Lee to the hog barn without proper training and equipment to cope with dangerous animals. As stated above, however, mere negligence is not enough to constitute a Constitutional violation. *Wilson*, 501 U.S. at 305, 111 S.Ct. at 2327. Accordingly, Defendants' motion for summary judgment is GRANTED as to Lee's Eighth Amendment workplace safety claim.

### 2. Pervasive Risk of Harm

Defendants argue that summary judgment is proper because Lee failed to show a "pervasive risk of harm." *Bellamy v. McMickens*, 692 F.Supp. 205, 211 (S.D.N.Y.1988). Lee apparently accepted Defendants' line of reasoning and sought to establish a "pervasive risk of harm" by proffering the "Hog Farm Safety Rules and Regulations." The Court notes, however, that Lee is not required to establish a "pervasive risk of harm."

In arguing that Lee must establish a pervasive risk of harm, Defendants rely entirely on analogizing this "hog attack" case to "prison attack" cases. In "prison attack" cases, inmates sue prison officials for failing to protect them from attack or sexual assault by other inmates. In this context, plaintiffs can show the required deliberate indifference by showing that prison officials ignored a "pervasive risk of harm." *LaMarca v. Turner*, 662 F.Supp. 647, 711 (S.D.Fla.1987) (§ 1983 class action against former prison superintendent for ignoring problem of gang rapes and related assaults in Glades Correctional Institution, Belle Glade, Florida). A pervasive risk of harm, however, cannot ordinarily be shown by a single incident. *O'Neal v. Evans*, 496 F.Supp. 867, 870 (S.D.Ga.1980). Defendants claim that since one "prison attack" is not enough to establish a pervasive

risk of harm, one "hog attack" is likewise inadequate.

■ ·The present case, however, is actually analogous to the workplace safety cases discussed above where prisoners claim Eighth Amendment violations based on the dangerousness of assigned tasks, usually after suffering a work-related injury. *See, e.g., Choate,* 7 F.3d 1370 (inmate fell while working on dangerous roofing job); *Warren,* 995 F.2d 130 (inmate broke wrist while operating table saw); *Bibbs v. Armontrout,* 943 F.2d 26 (8th Cir.1991) (inmate lost portions of fingers while operating "inker" in prison's license plate manufacturing facility); *Jackson v. Cain,* 864 F.2d 1235 (5th Cir.1989) (inmate required to shovel corn without a mask despite heavy corn dust); *Robinson v. Cuyler,* 511 F.Supp. 161 (E.D.Pa.1981) (inmate burned by a pot of macaroni and cheese while working in the prison kitchen). In such cases, the state of mind requirement is deliberate indifference, but there is no "pervasive risk of harm" requirement. In addition, it is not fatal if a plaintiff bases his workplace safety case on one incident. Rather, the plaintiff must simply establish deliberate indifference. As noted above, however, Lee has failed to raise a genuine issue of material fact as to deliberate indifference.

**C. Fourteenth Amendment Violation for Failure to Provide for the Safety of Darris Lee While in Defendants' Custody**

■ Defendants argue that Lee's Fourteenth Amendment claim should be dismissed because there has been no deprivation of a protected interest. Lee did not respond to this argument and offered no authority for the proposition that he has been deprived of a constitutionally protected liberty interest.

■ Fourteenth Amendment substantive due process adds nothing to Lee's case. He is protected under the Eighth Amendment as a prisoner and afforded "no greater [substantive] protection by the due process clause." *Edwards v. Gilbert,* 867 F.2d 1271, 1274 (11th Cir.1989) (citing *Whitley v. Albers,* 475 U.S. 312, 372, 106 S.Ct. 1078, 1114, 89 L.Ed.2d 251 (1986)). In *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Court held that it is improper in a § 1983 action to rely on a substantive due process claim when a specific constitutional standard governs plaintiff's claimed right. Since the Eighth Amendment provides explicit Constitutional protection to prisoners against cruel and unusual punishment, Lee cannot bring a separate, independent claim under § 1983 for the same behavior based on substantive due process. *See Warren v. State of Mo.,* 754 F.Supp. 150, 153 (W.D.Mo.1990), *aff'd,* 995 F.2d 130 (8th Cir.1993). Accordingly, summary judgment is GRANTED as to Lee's claim under the Fourteenth Amendment.

**D. Eighth Amendment Violation for Failure to Provide Adequate Medical Care**

Defendants' motion for summary judgment does not challenge Lee's Eight Amendment claim for inadequate medical care. Thus, this claim will proceed.

**III. STATE LAW CLAIMS**

Defendants' motion for summary judgment likewise does not challenge Lee's state law claims. Accordingly, these claims will proceed as well.

**CONCLUSION**

The Court **GRANTS** Defendants' motion for summary judgment as to Lee's Eight Amendment claim based on workplace safety and Lee's Fourteenth Amendment claims. All remaining claims will proceed, as they were not challenged by Defendants' motion.

**SO ORDERED.**