61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Addington C. JONES, Appellant,
v.
Paul CASPARI; Michael Dildine; Ed Malone, Appellees.
 No. 94-4126.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 12, 1995.
Filed: July 17, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Addington Jones, a Missouri inmate, appeals the district court's[1] grant of summary judgment to defendant prison officials in this 42 U.S.C. Sec. 1983 action. Jones alleged that while working as a sander in a prison factory, he was accidentally sprayed with a chemical solution by a fellow inmate who was working in the adjacent "stripping area." He attributed his injuries to the lack of a safety shield between the stripping area and the sanding area. The district court concluded the defendants were qualifiedly immune, and dismissed Jones's suit.
 
 
 2
 We review a grant of summary judgment de novo, applying the same standard as the district court: whether the record, viewed in a light most favorable to the non-moving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Mumford v. Godfried, 52 F.3d 756, 759 (8th Cir. 1995).
 
 
 3
 To establish an Eighth Amendment violation related to a prison work assignment, an inmate must show that he was subjected to a sufficiently serious deprivation and that the defendant prison officials acted with a sufficiently culpable state of mind. See Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). The governing state of mind is deliberate indifference; Jones needed to produce evidence that defendants knew of and disregarded an excessive risk to inmate safety. See Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994) (official must know of and disregard "excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").
 
 
 4
 Defendants' evidence establishes they were not aware of any facts suggesting that an inmate working in his assigned area was in danger of being sprayed with chemicals by an inmate working in the stripping area, nor was this danger so obvious they should have been aware of the risk of harm. Jones did not respond with admissible rebutting evidence. Further, defendants' unrebutted evidence also establishes that none of them actually drew the inference that a substantial risk of harm existed, and Jones made no showing on this point either. While Jones's complaint may have pleaded a negligence claim, such a claim is not actionable under the Eighth Amendment. See Wilson v. Seiter, 501 U.S. 294, 305 (1991) (mere negligence does not satisfy deliberate indifference standard); Bibbs v. Armontrout, 943 F.2d 26, 27 (8th Cir. 1991) (inmate alleging officials wrongly removed protective guards from machine causing partial loss of two fingers showed only negligence and no evidence was produced that "prison officials intentionally placed prisoners in a dangerous situation"), cert. denied, 502 U.S. 1110 (1992).
 
 
 5
 Jones's other arguments on appeal are meritless. Because Jones has failed to establish an Eighth Amendment violation, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Senior United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri