HEANEY, Circuit Judge,
dissenting.
I disagree that our precedents lead us to reverse on the basis that the evidence did not permit a reasonable jury to find that Campbell acted with deliberate indifference to the inmates’ health and safety. More important, I believe that the Supreme Court’s instruction in Farmer v. Brennan, — U.S. -, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), propels us to reach the opposite conclusion. Therefore, I respectfully dissent.
I agree with the majority that an inmate must show something more than negligence or inadvertence to successfully challenge prison conditions under the Eighth Amendment. Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir.1993) (citing Wilson v. Seiter, 501 U.S. 294, 305, 111 S.Ct. 2321, 2327-28, 115 L.Ed.2d 271 (1991)). As the Supreme Court recently clarified, Eighth Amendment liability in the context of prison conditions requires a subjective consciousness of the risk on the part of the prison officials. Farmer v. Brennan, - U.S. -, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As the jury found, there is ample evidence in this record that the warehouse conditions were unreasonably dangerous and that Campbell was aware of— *202 and disregarded — the substantial risk of harm to inmates.
The inmates testified at length about unsafe warehouse conditions including: inmates were routinely lifted up on the bare forks of the forklift and moved around the warehouse while in that position; furniture and other heavy items were precariously stacked to the ceiling overhanging high-traffic areas; forklifts and trucks had defects including nonworking brakes, broken lifts, and no warning devices; inmates were required to climb onto high shelves to retrieve objects; inmates were required to move large furniture using dollies too small for the job and without safety straps; inmates were required to lift objects too heavy for their physical ability; lack of safety equipment such as hard hats, protective eyewear, back braces, gloves,, and steel-toed boots; inmates had no access to drinking water except at the bathroom sink; and inmates did not receive safety training or instruction on proper lifting techniques. In addition, the inmates described an atmosphere in which supervisors constantly demanded that the inmates work very quickly, make do with whatever materials were (or were not) available to assist them, and not complain. The evidence also permitted the jury to find that the inmates never filed written grievances because they feared retaliation by prison officials, such as loss of trusty status, segregation, and removal from the warehouse. According to the inmates’ testimony, the warehouse job was a desirable one despite the harsh conditions because it afforded contact with the “free world” and was a stepping stone to parole.
Campbell, the Chief Administrator of ACI, had an office located five or six feet from the warehouse. He testified that he regularly walked through and made inspections of the warehouse. As the majority notes, Campbell ultimately made several safety improvements to the warehouse: providing inmates with back braces, installing a backup warning beeper on the forklift, and adding a safety railing to the upper storage area of the warehouse. From Campbell’s testimony, the jury apparently drew inferences that were contrary to those drawn by the majority, namely, that Campbell had a subjective awareness of the unsafe warehouse conditions and that he could have taken precautions to correct them.
The majority relies heavily on two of our prior cases to reach the conclusion: “even assuming that Campbell was aware of safety problems at the warehouse, such a showing falls short of creating a genuine issue of deliberate indifference to workplace safety.” Infra at 201. Neither Bibbs v. Armontrout, 943 F.2d 26 (8th Cir.1991), cert. denied, 502 U.S. 1110, 112 S.Ct. 1212, 117 L.Ed.2d 450 (1992), nor Warren v. Missouri, 995 F.2d 130 (8th Cir.1993), however, is factually analogous or legally equivalent to this case. Bibbs is readily distinguishable because the inmate’s complaint alleged only negligence, and the record did not contain any evidence that the prison officials intentionally placed prisoners in a dangerous situation. 943 F.2d at 27. In Warren, we affirmed a grant of summary judgment in favor of prison officials where the inmate produced only marginal evidence that the officials might have known of prior similar accidents and no evidence to support a finding that the officials were deliberately indifferent to a serious issue of workplace safety. 995 F.2d at 131. After reviewing the full record in this case, including the transcript of a three-day trial, I fail to understand how this case is controlled by either Bibbs or Warren.
The Supreme Court specifically addressed the concern that the subjective requirement of an Eighth Amendment challenge in this context might permit prison officials to ignore obvious dangers to inmate health and safety. The Court explained:
[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.
*203 Farmer, — U.S. at -, 114 S.Ct. at 1981 (internal citations omitted). Under the standards announced by the Court, the inmates in this case presented the jury with evidence which, if believed, supported a finding that prison officials were deliberately indifferent to the serious safety risks at the warehouse. Out of the four named defendants, the jury believed that Campbell was liable. Unlike my colleagues, I would respect that finding.