# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-2207

_____

| | | |
|---|---|---|
| Harold E. Meadows, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Gary Herigon, Furniture Factory | * | District of Missouri. |
| Superintendent II; Carl Morris, | * | |
| Furniture Factory Manager II; | * | [UNPUBLISHED] |
| Ron Schultz, Furniture Factory | * | |
| Superintendent III, Individually and | * | |
| in their Official Capacities, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  October 28, 2003

Filed:  December 10, 2003

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Harold E. Meadows, a Missouri prisoner, appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. We affirm.

Meadows worked in the furniture factory at his correctional center and was injured while using a rip saw to cut a 1/4-inch trim piece. He sued his work supervisors for deliberate indifference because they had required him to use the saw to rip pieces of wood less than 2 inches in width, a purpose for which the saw allegedly had not been designed. He presented evidence showing that defendants knew inmates could be injured while feeding wood less than 2 inches wide into the rip saw. Defendants took some safety precautions, e.g., they moved the saw and erected a plywood wall, but these measures did not prevent Meadows's injury.

Upon de novo review, see Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003), we conclude that defendants' knowledge of potential injury from cutting trim pieces of wood on the rip saw was not enough--particularly in light of defendants' attempts to take some precautions--to permit a finding of deliberate indifference to a serious issue of workplace safety, see Farmer v. Brennan, 511 U.S. 825, 834-37, 844 (1994); Warren v. Missouri, 995 F.2d 130, 131 (8th Cir. 1993). Meadows contends that a material safety data sheet which he sought from defendants would have shown the saw was not to be used to cut trim pieces of wood, but this document was not presented to the district court and there is no indication that Meadows ever moved to compel production of it.

Accordingly, we affirm.

_____

_____

[1]The Honorable, Scott O. Wright, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.