# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1672
_____

Jeffrey L. Joseph

*Plaintiff - Appellee*

v.

Craig Wheeler, Assistant Director Missouri Vocational Enterprises Metal Plant;
Dennis Shepard, Director Missouri Vocational Enterprises Metal Plant

*Defendant*s

Kurt Schmiedeskamp, Supervisor of pressbraka line

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Hannibal
_____

Submitted: June 12, 2025
Filed: July 23, 2025
_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

ARNOLD, Circuit Judge.

While Jeffrey Joseph was working in a metal plant at the Missouri prison where he was incarcerated, a machine he was operating crushed his thumb. Joseph sued his supervisor, Kurt Schmiedeskamp, under 42 U.S.C. § 1983, claiming that he had subjected him to cruel and unusual punishment. When Schmiedeskamp moved for summary judgment on the ground that he was entitled to qualified immunity, the district court denied his motion, and this interlocutory appeal ensued. Reviewing the court's decision de novo, *see Clinton v. Garrett*, 49 F.4th 1132, 1139 (8th Cir. 2022), we reverse and remand.

On the day he injured his thumb, Joseph was operating a "press-brake" machine designed to bend and punch holes in metal. The machine was equipped with hand restraints that helped prevent the machine's user from placing his hands too close to the point where the machine makes contact with metal. Though the hand restraints were available to Joseph, he did not use them on the day the machine crushed his thumb. Joseph provided evidence that he had previously asked Schmiedeskamp about the restraints, and Schmiedeskamp told him, contrary to the safety policies of the plant, "Oh we don't use them because they slow production, just don't get your hand caught in there and we will all be ok."

Joseph has a constitutional right under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment, *see Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991), and the right's protections extend to conditions of confinement including prison work assignments, *see Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017). To succeed on his claim, Joseph must show, among other things, that Schmiedeskamp acted with deliberate indifference to Joseph's health and safety. *See id.* at 643. We've observed that the deliberate-indifference standard is difficult to meet. *See Dean v. Bearden*, 79 F.4th 986, 989 (8th Cir. 2023). It "requires a highly culpable state of mind approaching actual intent" to harm the inmate. *See Kulkay*, 847

F.3d at 643. Mere negligence or even gross negligence won't suffice. *See id.* To constitute "punishment," the defendant official must act with criminal recklessness at a minimum. *See Dean*, 79 F.4th at 989.

As we've also observed, even if Joseph meets this difficult standard and proves that a constitutional violation occurred, that's "only half the battle." *See id.* He must also overcome qualified immunity, which "shields government officials from liability when their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." *See Ivey v. Audrain Cnty.*, 968 F.3d 845, 848 (8th Cir. 2020). To show that a right was clearly established, Joseph must point to controlling authority, or a robust consensus of persuasive authority, putting Schmiedeskamp on notice that his actions violated Joseph's rights. *See Dean*, 79 F.4th at 989. For this reason, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *See Ivey*, 968 F.3d at 849. In an appeal from a district court's denial of qualified immunity, our jurisdiction is limited. "[W]e must accept the district court's factual findings as true and decide whether those facts involve a clearly established violation of federal law." *Dean*, 79 F.4th at 988; *see also Krout v. Goemmer*, 583 F.3d 557, 567–68 (8th Cir. 2009).

Schmiedeskamp maintains on appeal that he is entitled to qualified immunity because he didn't violate Joseph's clearly established rights. In reaching its decision to the contrary, the district court relied on *Ambrose v. Young*, 474 F.3d 1070, 1078 (8th Cir. 2007), which observed that "[i]t is well-established in this circuit that knowingly compelling an inmate to perform labor that is dangerous to his or her life or health is a violation of the Eighth Amendment." In that case, a crew of inmates was assigned to help clean up after a storm when during one of their jobs a truck struck a power line. The collision sparked a grass fire and left the power line dangling from a pole. As inmates ran toward the fire, an officer ordered them to stop and even physically restrained an inmate from getting closer. Another officer, though, told inmates to stomp out the fire, and one of them accidentally came into contact with the

dangling line and was electrocuted. The inmate's estate sued this officer, *see Ambrose*, 474 F.3d at 1073–74, and we upheld the denial of qualified immunity for him. *See id.* at 1078–79.

We disagree with the district court that *Ambrose* placed Schmiedeskamp on notice that he was violating Joseph's rights. We emphasized in *Ambrose* that the defendant officer was aware that the dangling power line presented a substantial risk of harm. *See id.* at 1074, 1078. Schmiedeskamp's response to Joseph's question, on the other hand, doesn't demonstrate that he knew the machine presented a danger to those who didn't use the hand restraints that exceeded the danger to those who did. Schmiedeskamp's response suggests at most that he might not have adequately appreciated the effectiveness of the hand restraints or the danger that operating the machine without the restraints presented. Some evidence even intimated that Schmiedeskamp believed the restraints created dangers of their own. In sum, we think *Ambrose* is distinguishable.

But even if *Ambrose* suggests that Schmiedeskamp might have violated Joseph's rights, other, more analogous cases point the other way, indicating that the law isn't as clearly established in this area as the district court concluded. *See, e.g.*, *Kulkay*, 847 F.3d at 644–45; *Stephens v. Johnson*, 83 F.3d 198, 200–01 (8th Cir. 1996); *Choate v. Lockhart*, 7 F.3d 1370, 1374–76 (8th Cir. 1993); *Warren v. Missouri*, 995 F.2d 130, 130–31 (8th Cir. 1993); *Bibbs v. Armontrout*, 943 F.2d 26, 26–27 (8th Cir. 1991). Each of these cases involved prisoners injured in industrial or construction settings, some as a result of using heavy machinery. In each we held that the defendant officials were at most negligent in how they oversaw the work setting, notwithstanding inmate injuries on their watch. And so in each case we held that none of the defendants had violated the constitution.

In *Kulkay*, for example, an inmate severed some of his fingers while working with a large beam saw in a workshop. *See Kulkay*, 847 F.3d at 640–41. He sued

several prison officials, including the supervisor in charge of the workshop, because they had allegedly failed to install safety guards designed to protect the saw's operator from the blade despite knowing that the saw had injured others before and that officials had not trained inmates to use the saw. *See id.* at 641, 643. After discussing the cases cited in the previous paragraph, our court explained that the mere "absence of safety equipment or procedures and [the defendant's] awareness of similar injuries" failed to show that the defendant officials were deliberately indifferent to the risk of harm that the saw posed. *See id.* at 644–45. So they had committed no constitutional violation.

*Kulkay* suggests that Schmiedeskamp didn't violate the constitution, let alone clearly established constitutional law. Safety equipment was available here, and the record didn't contain evidence that the press-brake machine had caused any prior injuries. The record also reveals that Joseph was trained to use the machine and that he never complained about its safety. The Eighth Amendment does not constitutionalize state and federal safety regulations, *see id.* at 645, and the same necessarily goes for the safety rules of the plant where Joseph worked. "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution." *See French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985). But even if Schmiedeskamp violated the constitution, Joseph hasn't shown that Schmiedeskamp's conduct violated clearly established law. Our caselaw just doesn't clearly establish that a supervisor who is aware of potential safety issues but fails to ameliorate them can be deemed to be deliberately indifferent. As a result, he is entitled to qualified immunity.

Reversed and remanded.

_____