Riley TUNSTALL, Plaintiff,

v.

Charles ROWE et al., Defendants.

No. 78 C 2543.

United States District Court,
N. D. Illinois, E. D.

March 5, 1979.

Riley Tunstall, pro se.

Dale Bennett, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

This is an action brought under 42 U.S.C. § 1983 by an inmate at the Pontiac Correctional Center, an Illinois prison. Plaintiff claims that he slipped on greasy stairs in the prison and injured his back. Defendants are Charles Rowe, the former Director of the Illinois Department of Corrections, and Thaddeus Pinkney, the Warden at Pontiac at the time of the alleged incident. Plaintiff seeks damages and medical treatment. Defendants have moved to dismiss.

Plaintiff's *pro se* complaint is subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). The allegations of the complaint can be read to assert generally that plaintiff's constitutional rights were violated by his injury on the greasy steps and that he was afforded inadequate medical care for his injury. Claims of this

nature are tested under the Eighth Amendment as it applies to the states under the Fourteenth Amendment.

 There are two kinds of Eighth Amendment claims. The traditional cases involve unconstitutional punishment. *See, e. g., In re Kemmler*, 136 U.S. 436, 447, 10 S.Ct. 930, 34 L.Ed. 519 (1890) (torture or lingering death); *Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910) (sentence disproportionate to severity of offense); *Jackson v. Bishop*, 404 F.2d 571 (8th Cir. 1968) (whipping). More recent cases are concerned with challenges to unconstitutional conditions of imprisonment. *See, e. g., Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (medical care); *Little v. Walker*, 552 F.2d 193 (7th Cir. 1977), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978) (protection from inmate attacks). Plaintiff's claim falls into the latter category.

 Confinement strips prisoners of the ability to provide themselves with the basic necessities for living. Thus, the constitution places a duty on prison officials to maintain the well-being of inmates. The duty extends to those needs which the prisoners are unable to provide because of their confinement. For example, the courts have required prison officials to provide prisoners food, clothing, shelter, personal safety and medical care. Where prison officials, with deliberate indifference, fail to provide for a serious need of prisoners, a violation of the Eighth Amendment occurs. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

 However, no Eighth Amendment violation arises where the injury alleged is not the result of a condition of imprisonment. Thus, even though the injury occurs in the prison, unless it is peculiar to prison confinement, as noted above, it does not rise to constitutional stature.

 Plaintiff's injury does not state a constitutional claim. Unlike the duty to provide the basic necessities to prisoners, prison officials are not under a constitutional duty to assure that stairs in the prison are not greasy.[1]

Moreover, plaintiff's injury is no different in nature than an injury which could occur to any member of the general population. It is a simple tort. Further, even in the prison, the danger of the greasy stairs is not peculiar to prisoners. Guards and other persons using the stairs also face the danger of slipping. Thus, plaintiff's injury on the greasy stairs is not cognizable as cruel and unusual punishment in the federal courts.[2]

 To the extent that plaintiff's complaint alleges inadequate medical care, it does implicate a constitutional duty of prison officials. Therefore, the allegations must be analyzed under the *Estelle, supra*, standard. Even assuming that plaintiff has alleged a serious medical need, there is no allegation that either defendant Rowe or defendant Pinkney knew of his condition. Nor are there any allegations concerning the facts of plaintiff's alleged mistreatment.

Accordingly, defendants' motion to dismiss is granted and plaintiff's complaint is dismissed.

---

1. Plaintiff has not alleged that prison officials intentionally greased the steps as a form of punishment.

    Further, the court expresses no opinion whether monetary or injunctive relief would be available if plaintiff had alleged an injury caused by an aggregation of unsafe conditions. *Cf. Pugh v. Locke*, 406 F.Supp. 318 (M.D.Ala.1976), *aff'd sub nom., Newman v. Alabama*, 559 F.2d 283 (5th Cir. 1977), *cert. denied*, 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978).

2. The court expresses no opinion whether plaintiff's complaint states a claim under state law. However, since plaintiff's federal claim is being dismissed, any pendent state claim will also be dismissed.