Chris ARNOLD, Plaintiff,

v.

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, McCormick Corr. Inst., K.R. Lynch, Supervisor; N.B. Harmon, Supervisor; sued in their individual capacities, Defendants.**

Civ. A. No. 8:92–1066–18BC.

United States District Court,
D. South Carolina,
Anderson Division.

Feb. 3, 1994.

Chris Arnold, pro se. McCormick Correctional Inst. McCormick, SC, for Plaintiff.

J. Victor McDade, Anderson, SC, for defendants.

### ORDER

NORTON, District Judge.

This matter is before the Court upon the magistrate judge's recommendation that Defendants' Motion for Summary Judgment be denied. This record includes a report and recommendation of the United States Magistrate Judge made in accordance 28 U.S.C. § 636(b)(1)(B).

### I. BACKGROUND

On February 29, 1992, Chris Arnold was injured while working in the kitchen at the McCormick Correctional Institution. The injury occurred when a co-worker attempted to drain water from a 25-gallon steam pot that was functioning improperly. The pot fell when the co-worker tipped it downward, causing hot water from the pot to severely burn and scald Arnold.

On April 13, 1992, Arnold brought this action under 42 U.S.C. § 1983, alleging a failure by kitchen supervisors to adequately supervise inmate employees and to use adequate care concerning cafeteria equipment. Arnold asserts that Defendants' acts or omissions were done intentionally or with deliberate indifference for the clearly established rights secured to Arnold by the United States Constitution.

Defendants answered on August 14, 1992, asserting, among other things, that the Complaint fails to state a claim upon which relief can be granted, that Plaintiff's claim is barred by the exclusivity provision of the South Carolina Workers' Compensation Act, and that Defendants are entitled to qualified immunity.

On September 1, 1992, Arnold filed a "Memorandum of Law in Support of Plaintiff's Complaint," which clarified that the claim he is setting forth is a violation of the Eighth Amendment's proscription against cruel and unusual punishment. This memorandum also disputes Defendants' claim of entitlement to immunity.

On February 2, 1993, Defendants moved for summary judgment, asserting the failure to state a claim and the exclusivity provision of the South Carolina Workers' Compensation Act. Defendants' motion is supported by the affidavits of Defendant Harmon and Defendant Lynch.

On March 10, 1993, Plaintiff filed opposition to Defendants' Motion for Summary Judgment. Plaintiff's opposition is supported by the affidavits of fellow inmates Patrick Foreman, Ricky Ferguson, and Jackie Willard.

The magistrate judge considered Defendants' summary judgment motion and recommended on October 25, 1993 that it be denied for the following reasons: (1) the availability of a post-deprivation remedy through workers' compensation does not bar Plaintiff's civil rights action since an Eighth Amendment violation has been alleged; (2) Plaintiff has not alleged mere negligence on the part of prison officials, as suggested by Defendants.

■ The magistrate judge then considered whether Plaintiff had offered sufficient evidence to survive summary judgment on the twin elements—objective and subjective—of an Eighth Amendment violation as set forth in *Wilson v. Seiter,* 501 U.S. 294, ——, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). According to *Wilson,* an inmate must prove that (1) the deprivation was sufficiently serious and (2) the prison official acted with a sufficiently culpable state of mind, which, in Eighth Amendment cases such as this, is "deliberate indifference."[1] The magistrate judge recommended that Arnold had met this burden on both accounts.

Defendants objected in a timely fashion to the report and recommendation of the magistrate judge. This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

The Supreme Court made clear in *Wilson* that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson* at ——, 111 S.Ct. at 2323. Though the intentional placing of prisoners in dangerous surroundings can violate the Eighth Amendment, several courts considering the existence of malfunctioning prison equipment have held that such conditions, even where prison officials are alleged to have known of them, do not rise to the level of a constitutional violation.

In *Bibbs v. Armontrout,* 943 F.2d 26 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1212, 117 L.Ed.2d 450 (1992), an inmate working in a license plate plant lost two fingers when they became entangled in the gears of the "inker," from which the guards covering the gears had been removed. The inmate claimed an Eighth Amendment violation, alleging that prison officials knew of the dangerous condition of the inker and were guilty of reckless indifference to the inmate's safety. Despite the plaintiff's allegations, the court held that the inmate essentially complained of negligence in the prison officials' failure to repair the machine and dismissed his claim accordingly. *Id.* at 26.

In *Warren v. Missouri,* 995 F.2d 130 (8th Cir.1993), an inmate's wrist was struck and broken by a board that kicked back from the industrial table saw he was operating at the prison furniture factory. The inmate claimed an Eighth Amendment violation, alleging that prison officials were deliberately indifferent to his safety by failing to equip the saw with "anti-kickback fingers" despite knowledge of similar prior injuries. In opposition to the defendants' motion for summary judgment, the inmate submitted a list of twenty-one prior injuries allegedly resulting from similar industrial saw kickback accidents. The court held that, "even assuming that one or more defendants had knowledge of the allegedly similar prior accidents, ... [plaintiff's] proof falls far short of creating a genuine issue of deliberate indifference to a serious issue of work place safety." *Id.* at 131.

In *Benson v. Cady,* 761 F.2d 335 (7th Cir.1985), an inmate alleged that prison officials failed to inspect and maintain cell beds and exercise equipment which, in two separate incidents, fell and allegedly injured the inmate. The court held that these allegations were merely assertions that the officials did not exercise due care, not evidence of the deliberate indifference to an unreasonable risk of harm posed by an inmate's physical

---

**1.** Actually, the Supreme Court has not spoken on what state of mind a prisoner must prove in a "malfunctioning prison equipment" Eighth Amendment case, assuming the Supreme Court views such cases as distinguishable from conditions-of-confinement cases, as this Court does. However, Supreme Court jurisprudence makes clear that "deliberate indifference" is the default and minimal standard for judging the state of mind of prison officials in Eighth Amendment cases. *See Hudson v. McMillian,* —— U.S. ——, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (heightening standard to a "malicious and sadistic" state of mind in certain excessive force cases). Even assuming the Supreme Court would view the increasingly popular "malfunctioning prison equipment" cases as separate from conditions-of-confinement cases, it may never announce an applicable standard for such cases, but instead deem them not within the Eighth Amendment ambit at all.

environment needed to state a claim for violation of the Eighth Amendment.

■ In the case at hand, Arnold asserts that his kitchen supervisors knew of the faulty condition of the steam pot. He states that he and other workers told Defendants "that the pot was inoperable because of the gears and that they needed fixing." (Pl.Aff. at 2.) Arnold's fellow inmates state in their affidavits that it was common knowledge among the workers in the kitchen that the pot was broken, such that "the supervisors should have known." (Aff. of Ferguson at 1.) The inmates also state that workers had placed a can under the steam pot to prevent it from overturning, which it would do with the slightest application of force. Inmate Willard states that when he questioned Defendant Harmon about the mechanical problem with the pot, Harmon stated "they did not have time to fix the steam pot because they had over a thousand ... inmates to feed." (Aff. of Willard at 1).

■ Despite all of these statements and Arnold's use of the phrase "deliberate indifference" in his pleadings, Arnold has not offered evidence that his supervisors acted with the requisite "culpable state of mind" in failing to repair the piece of equipment. At best, Arnold has offered evidence sufficient to go forward on a claim of negligence.[2] To convert conduct that does not even purport to be punishment into "cruel and unusual punishment," defendants must demonstrate more than ordinary lack of due care for the prisoner's interests or safety. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). Considering these standards, Arnold has failed in his attempt to satisfy the subjective "culpable state of mind" component of an Eighth

Amendment violation as stated by the Supreme Court. *Wilson* at ——, 111 S.Ct. at 2324.

■ Further, this Court questions whether the deprivation was "sufficiently serious" to comprise a civil rights violation, as required by *Wilson* to satisfy the objective component of an Eighth Amendment violation. "Only those violations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson* at ——, 111 S.Ct. at 2324, quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The Supreme Court has stated that, in the Eighth Amendment context, "extreme deprivations are required to make out a conditions-of-confinement claim" and "malicious[ ] and sadistic[ ] use [of] force" is required to make out an excessive force claim. *Hudson v. McMillian*, —— U.S. ——, ——, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). In recent years, the Eighth Amendment has been implicated when prison officials ignored violent attacks and sexual assaults on inmates by each other, when the serious medical needs of prisoners were deliberately ignored, and when inmates were confined for two years in a cell covered with filth and human waste. *See Warren v. Missouri*, 754 F.Supp. 150, 151 (W.D.Mo. 1990), *aff'd*, 995 F.2d 130 (8th Cir.1993). Considering these heinous violations and the standards enunciated by the Supreme Court, we think it would be a mistake to extend civil liability under the constitutional proscription against cruel and unusual punishment to improperly functioning kitchen equipment.[3] To do so would give constitutional recognition to run-of-the-mill negligence actions. Eighth

---

**2.** Negligence cannot support an Eighth Amendment claim in a 42 U.S.C. § 1983 cause of action. *Wilson* at ——, 111 S.Ct. at 2328. Furthermore, Arnold cannot maintain a suit for damages arising from negligence of prison officials, because, unlike an Eighth Amendment civil rights action, a negligence action would be barred by the exclusive remedy provision of the South Carolina Workers' Compensation Act. *See* S.C.Code Ann. § 42–1–540 (Law.Co-op. 1993); *Rosa v. Cantrell*, 705 F.2d 1208 (10th Cir.1982), *cert. denied*, 464 U.S. 821, 104 S.Ct. 85, 78 L.Ed.2d 94 (1983). Therefore, Arnold's remedy

is to file for workers' compensation benefits, which would be available for the sort of work-related accident that caused Arnold's injury and which are expressly permitted for inmates in South Carolina correctional institutions. *See Davis v. South Carolina Department of Corrections*, 289 S.Ct. 123, 345 S.E.2d 245 (1986).

**3.** This is not to say that Arnold deserves no compensation for his severe injuries. Again, however, his remedy lies in workers' compensation, just as it does for any other employee who is injured on the job.

Amendment constitutional protection should be reserved for the most serious violations of prisoners' civil rights. Today's decision avoids trivializing 42 U.S.C. § 1983, which was "enacted to deter real ... affirmative abuse of power," *Parratt v. Taylor*, 451 U.S. 527, 549, 101 S.Ct. 1908, 1919, 68 L.Ed.2d 420 (1981) (Powell, J., concurring), and avoids making a mockery of the Eighth Amendment, which was drafted to prevent "torture and barbarous punishment." *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 289, 50 L.Ed.2d 251 (1976).

 In fact, whether the Eighth Amendment even applies to work-related prison injuries resulting from malfunctioning equipment is questionable. *See Warren v. Missouri*, 754 F.Supp. 150, 152 (W.D.Mo. 1990), *aff'd*, 995 F.2d 130 (8th Cir.1993). Certainly, its applicability is not "clearly established," which calls into play the qualified immunity of Defendants. "Government officials who are sued for damages under § 1983 for their performance of discretionary functions are entitled to a qualified immunity defense if they prove that their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Johnson v. Boreani*, 946 F.2d 67, 69 (8th Cir.1991), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Qualified immunity is available unless the unlawfulness of a defendant's acts or omissions were apparent in light of pre-existing law. *Johnson* at 70. Although certain dangerous prison surroundings, as cited above, have been deemed cruel and unusual punishment (*e.g.*, unsanitary or riot-provoking conditions), this Court has found no other cases in which malfunctioning equipment that caused injury has supported a civil rights action. Thus, no pre-existing law concerning this situation guided Defendants' failure to act. Further, since the Eighth Amendment's prohibition applies only to the infliction of cruel and unusual *punishment*, and "punishment is a deliberate act intended to chastise or deter," *Duckworth v. Franzen*, 780 F.2d 645, 652 (7th Cir.1985), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986), it can hardly be said that any reasonable person would have known that failure to repair a steam pot would clearly constitute cruel and unusual punishment. Thus, even had Arnold offered sufficient evidence that being forced to work with a malfunctioning pot was cruel and unusual punishment, Defendants would be entitled to qualified immunity on the ground that it has not been "clearly established" that the right to properly functioning prison equipment is of a constitutional magnitude.

### III. CONCLUSION

It is therefore,

**ORDERED,** for the above reasons, that Defendants' Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 be **GRANTED.**

**AND IT IS SO ORDERED.**

### ORDER

This matter is before the Court upon Plaintiff's Motion to Request an Attorney to Represent Pro Se, In Forma Pauperis Plaintiff. In light of this Court's grant of summary judgment to Defendants in an order of February 2, 1994, Plaintiff's motion is **DENIED.**

**AND IT IS SO ORDERED.**