**Vendel Octavious JEFFRIES, Plaintiff,**

v.

**Sherman BLOCK, Defendant.**

**No. CV 94–6397–AAH (RC).**

United States District Court, C.D. California.

Sept. 30, 1996.

---

Vendel O. Jeffries, Tehachapi, CA, pro se.

Kevin Clement Brazile, Office of County Counsel, Los Angeles, CA, for Defendant.

## ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HAUK, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Amended Report and Recommendation of the United States Magistrate Judge, as well as plaintiff's objections filed September 12, 1996, and has made a *de novo* determination of the Report and Recommendation.

IT IS ORDERED that (1) the Amended Report and Recommendation is approved and adopted; (2) defendant Block's motion for summary judgment is granted; and (3) judgment shall be entered in favor of defendant Block.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order and the Magistrate Judge's Amended Report and Recommendation by the United States mail on the parties.

## AMENDED REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Amended Report and Recommendation is submitted to the Honorable A. Andrew Hauk, United States District Judge, after the filing of the original Report and Recommendation on May 23, 1996, and the provision of notice to the parties that they may file additional affidavits or other documentation in support of, or in opposition to, defendant Block's Motion for Summary Judgment, and pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### BACKGROUND

#### I

█ On September 22, 1994, plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. Section 1983 challenging conditions at the Los Angeles County Jail ("County Jail"). In his declaration submitted with the

Complaint,[1] plaintiff swears as follows: On April 20, 1994, plaintiff was transferred from California Correctional Institution at Tehachapi, California (hereafter "CCI"), to the County Jail. During the processing, he was x-rayed for tuberculosis. In the process of booking, he was locked in a room with approximately 80–100 inmates for five hours; and before bed assignments, he was locked in a room with over 150 inmates, many of whom were coughing and spitting, and there was only one toilet. (Plaintiff's Initial Decl., 1:18–26). On April 23, 1994, plaintiff was moved to a state prisoner's block where he occupied a cell with four inmates. The cell was dark, had no ventilation, and plaintiff was not allowed exercise periods. The plaintiff noticed many inmates wearing face masks, and at night he heard much coughing and gagging. On April 27, 1994, by court order, plaintiff was moved to the *pro per* module where he made several requests to have a tuberculosis test; but he was not tested. On June 20, 1994, plaintiff was moved to a six bed, seven person cell, where he was forced to sleep on the floor and not allowed to exercise or to have fresh air. (*Id.* 2:1–15). After plaintiff returned to CCI on June 22, 1994, he received a tuberculosis test, which was positive. The plaintiff now receives medication to treat the tuberculosis. (*Id.* 2:17–20).

The plaintiff brings two Eighth Amendment claims. First, he contends that defendants Sherman Block and the Los Angeles County Sheriff's Department (hereafter "County") acted with deliberate indifference when they confined him with inmates known to have tuberculosis or other contagious diseases. (*Id.* 2:23–25). The plaintiff further contends that the conditions at the County Jail cause the spread of contagious disease due to overcrowding, improper sanitation, and lack of screening of food-related workers. (*Id.* 3:1–5). Second, he contends that defendants Block and County acted with deliberate indifference when they refused him medical evaluation upon his repeated requests. (*Id.* 2:21–23). The plaintiff seeks $250,000.00 in damages.

1. The plaintiff's declaration may be treated as an affidavit for summary judgment purposes.

## II

By Order dated June 30, 1995, the Court determined that plaintiff had failed to serve the Los Angeles County Sheriff's Department and dismissed that entity from the suit. On June 30, 1995, defendant Block filed a motion for summary judgment. The plaintiff filed an opposition, including his declaration, to defendant Block's motion for summary judgment on August 11, 1995, and after the Court gave plaintiff notice of the requirements to oppose to a motion for summary judgment under *Klingele v. Eikenberry,* 849 F.2d 409, 411–12 (9th Cir.1988), plaintiff filed a second declaration in opposition to defendant Block's motion for summary judgment. Defendant Block filed a declaration on August 9, 1996, after the Court provided an opportunity to the parties to file additional affidavits and documents in support of, or in opposition to, defendant's motion for summary judgment.

## DISCUSSION

### III

Fed.R.Civ.P. 56(c) authorizes the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The standard for granting a motion for summary judgment is essentially the same as for granting a directed verdict. Judgment must be entered "if, under the governing law, there can be but one reasonable conclusion as to the verdict.... If reasonable minds could differ," judgment should not be entered in favor of the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of identifying the elements of the claim in the pleadings, or other evidence, which the moving party "believes demonstrates the absence of a genuine issue of material fact." *Celotex*

*Schroeder v. McDonald,* 55 F.3d 454, 460 (9th Cir.1995).

*Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distrib. Corp.,* 693 F.2d 870, 883 (9th Cir. 1982). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.,* 677 F.2d 1301, 1305–06 (9th Cir.1982). The burden then shifts to the non-moving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Still, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor." *Liberty Lobby,* 477 U.S. at 255, 106 S.Ct. at 2513. Finally, the parties bear the same substantive burden of proof as would apply at a trial on the merits. *Id.,* at 252, 106 S.Ct. at 2511.

## IV

■ The law is clear and well-settled that the conditions of confinement in a prison are subject to scrutiny under Eighth Amendment standards. *Hutto v. Finney,* 437 U.S. 678, 685, 98 S.Ct. 2565, 2570–71, 57 L.Ed.2d 522 (1978); *Hoptowit v. Spellman,* 753 F.2d 779, 784 (9th Cir.1985). It is also well established that deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Carlson v. Green,* 446 U.S. 14, 19, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980); *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ Deliberate indifference in violation of the Eighth Amendment's proscription against cruel and unusual punishment exists when a prison official knows that an inmate faces a substantial risk of serious harm to an inmate's health and fails to take reasonable measures to abate the risk. *Farmer v. Brennan,* 511 U.S. 825, ——, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994); *Wallis v. Baldwin,* 70 F.3d 1074, 1077 (9th Cir.1995). To prove deliberate indifference, the plaintiff must show that the defendant knew of the risk of serious harm and disregarded the risk by failing to take reasonable measures to abate it. *Farmer,* —— U.S. at ——, 114 S.Ct. at 1984. A defendant's requisite knowledge of the risk of serious harm can be demonstrated by circumstantial evidence. *Id.* at ——, 114 S.Ct. at 1981.

■ Deliberate indifference to an inmate's serious medical needs may be manifested in two ways: either when prison officials deny, delay or intentionally interfere with medical treatment, or by the way that prison physicians provide medical care. *McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir.1992); *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir.1988). In either case, however, the indifference to the inmate's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir.1981). Moreover, when a claim alleges a delay of medical treatment, the inmate must show that the delay was harmful. *See McGuckin,* 974 F.2d at 1060.

The plaintiff, here, brings two separate Eighth Amendment claims. In the first, a prison conditions claim, plaintiff contends that defendant Block violated the Eighth Amendment through his deliberate indifference to the serious health risk of tuberculosis created by housing inmates together in overcrowded and unsanitary conditions. *See* (Plaintiff's Initial Decl., 3:1–4); Plaintiff's Second Decl., p. 3. In the second, plaintiff brings a related claim of deliberate indifference to his serious medical needs by defendant Block's failure to respond to his requests for tuberculosis testing.[2]

---

2. The plaintiff, in his Initial Declaration and as shown by the medical record from County Jail, requested to be tested for tuberculosis after his entry x-ray. (*Id.* 2:8–9; Block Decl., Exh. 1). Apparently, the plaintiff was not again tested for tuberculosis at County Jail. However, on or about July 12, 1996, after he was returned to state prison, the plaintiff was tested and found to have tuberculosis. (Plaintiff's Initial Decl.). Defendant Block does not dispute that plaintiff was

In his motion for summary judgment, defendant Block argues that no constitutional violation occurred, stating there is no evidence that defendant Block knew that plaintiff was at risk of contracting tuberculosis and there is no evidence that defendant Block should have objectively believed that plaintiff was in danger of being infected with tuberculosis. (Defendant's motion for summary judgment, 5:3–10). Defendant Block also contends that, in any event, he is entitled to qualified immunity because he violated no clearly established law. (Brief, 7:15–17). Defendant Block, by his declaration, avers that plaintiff was an inmate at the County Jail from April 20 to June 22, 1994, having been received there from another facility. (Block Decl., at ¶ 4.) He further declares that the plaintiff received a chest x-ray upon his arrival at the County Jail, and the x-ray was negative for tuberculosis. (Id.). In 1994, it was the policy, practice and custom at the County Jail to ask all incoming inmates if they ever had tuberculosis, or currently had tuberculosis, and to give a chest x-ray to all inmates to discover tuberculosis. (Id., at ¶ 5). Any inmate whose chest x-ray disclosed a possible finding of tuberculosis was given a second chest x-ray, skin tests and culture studies to confirm the finding. (Id.). The County Jail, in 1994, had in operation a "pure air germicidal system" which ventilated the cells, dorms, and hallways and made them well ventilated. (Id., at ¶¶ 3 and 6). Sheriff Block further declares that it was, and is, the policy, custom and practice at the County Jail to test inmates for tuberculosis upon reasonable request, and that he was never notified or advised that plaintiff had made a request for ·a tuberculo-

sis test other than the entry chest x-ray. (Id., at ¶¶ 2, 4).

It was also the custom and practice in 1994, defendant Block declares, that if an inmate was discovered to have tuberculosis upon arrival at the County Jail, he was isolated and segregated from inmates who did not have tuberculosis. (Id., at ¶¶ 2 and 4). Those inmates with tuberculosis were placed under the care and treatment of two public health care nurses, who administered medication and drugs for tuberculosis and conducted medical examinations. (Id., at ¶¶ 2 and 6). In 1994, "there was never any outbreak of tuberculosis" or any other contagious disease at the County Jail. (Id., at ¶ 3).

There is no doubt that defendant Block had knowledge that tuberculosis presents a substantial risk of serious harm to the inmates in County Jail. The California Legislature, in 1993, determined that tuberculosis is a serious contagious disease, which presents a serious risk to inmates' health. California Penal Code Section 7570 (effective October 8, 1993). See also, Madrid v. Gomez, 889 F.Supp. 1146, 1205 (N.D.Cal.1995) ("[T]uberculosis is particularly dangerous in a prison environment, where overcrowding and poor ventilation can hasten the spread of this airborne disease."). The issue is whether defendant Block disregarded the risk, or took reasonable steps or measures to abate the risk, of serious harm to the health of plaintiff and other inmates from the spread of tuberculosis.

▌ If the plaintiff's first claim is against defendant Block in his official capacity[3], defendant Block has shown that he took reasonable steps to abate the risk of serious

found to have tuberculosis upon his return to state prison. (See Block Decl., Exh. 1).

3. A claim against defendant Block in his official capacity is equivalent to a claim against the County of Los Angeles. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991). To prove a claim against defendant Block in his official capacity, plaintiff must show that an unconstitutional policy or custom of defendant Block's caused plaintiff an alleged injury. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121, 112 S.Ct. 1061, 1066, 117 L.Ed.2d 261 (1992); Monell v. Dept. of Social Services, 436

U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). It is not sufficient that plaintiff demonstrate a single unlawful act by a non-policymaking employee. Davis v. City of Ellensburg, 869 F.2d 1230, 1233–34 (9th Cir. 1989) ("a plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee"); Collins v. City of San Diego, 841 F.2d 337, 341–42 (9th Cir.1988) (city not liable for the actions of a police sergeant who was a non-policymaking official).

harm to inmates' health from the spread of tuberculosis and, thus, there was no violation of plaintiff's Eighth Amendment rights. By his declaration, defendant Block has shown considerable attention, rather than deliberate indifference, to the potential serious health risk that tuberculosis presented to the plaintiff and other inmates at County Jail. Defendant Block showed that the custom and policy, in 1994, was to test all inmates upon arrival at the County Jail, to segregate or isolate infected inmates, to medically treat infected inmates, and to operate an air purification system throughout the cells, dorms and halls of the County Jail.

If the plaintiff's second claim is against defendant Block in his official capacity, defendant Block also has shown that there was no violation of plaintiff's Eighth Amendment right. By his declaration, defendant Block has shown that plaintiff was in County Jail for only two months, that he was tested for tuberculosis upon his entry to County Jail, and that the test result was negative. Moreover, defendant Block has shown a policy and custom at County Jail permitting inmates to be tested for tuberculosis upon reasonable request. Here, it is unclear whether plaintiff's request to be retested within less than two months of a negative entry x-ray was a reasonable request, or whether in not granting plaintiff's request, there has been a departure from the County's custom and policy. The plaintiff has not shown that the delay in retesting him for tuberculosis was substantial, constituting deliberate indifference to his medical needs; rather, it may have been due to inadvertence or negligence.[4] A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established. *McGuckin,* 974 F.2d at 1060. Similarly, the plaintiff has not shown that the delay was harmful. Neither party has presented evidence regarding the incubation period for tuberculosis, and the Court cannot infer that plaintiff was harmed by the delay in retest-

ing him or that plaintiff contracted tuberculosis while incarcerated in County Jail.

If the claims against defendant Block are in his individual capacity, the plaintiff has not shown that defendant Block was personally involved in the alleged unconstitutional conduct. A claim against defendant Block in his individual capacity must allege that defendant Block, in acting or failing to act, caused the alleged constitutional deprivation. *Leer v. Murphy,* 844 F.2d 628, 633–34 (9th Cir.1988). A supervisory official, such as defendant Block, may be liable under Section 1983 only if he was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the official's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.1991) (en banc), *cert. denied,* 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992); *Hansen v. Black,* 885 F.2d 642, 645–46 (9th Cir.1989).

Because plaintiff has not shown a violation of the Eighth Amendment, it is not necessary for the Court to consider defendant Block's invocation of qualified immunity. The defendant's motion for summary judgment should be granted.

### RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting defendant Block's motion for summary judgment; and (3) entering judgment in favor of defendant Block.

DATE: August 29, 1996

---

4. Even if plaintiff was harmed "every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials."

*Osolinski v. Kane,* 92 F.3d 934, 937 (9th Cir. 1996).