**Mark Lee STINSON, Plaintiff—Appellant,**

v.

**George M. GALAZA; Kenneth Hurdle; Cal A. Terhune; and Austin, Defendants,**

Ortiz; Cooke; Goff; Roper; and Barlow, Defendants—Appellees.

No. 02–16258.

D.C. No. CV–00–06067–OWW (DLB).

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2003.[*]

Decided Aug. 21, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before REINHARDT and GRABER, Circuit Judges, and SHADUR,** Senior District Judge.

### MEMORANDUM***

Plaintiff Mark Lee Stinson, a state prisoner, filed this pro se action against Defendants, who are state prison officials, under 42 U.S.C. § 1983. The district court granted summary judgment to Defendants on two claims and dismissed the third as moot. On de novo review, *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), *cert. denied*, 534 U.S. 1082, 122 S.Ct. 816, 151 L.Ed.2d 700 (2002), we affirm in part and reverse in part.

A. *Deliberate Indifference.*

█ Plaintiff is HIV positive. Defendants denied him ice that his doctor had prescribed to alleviate painful side-effects from drug therapy. The issue is whether there is a genuine issue of fact that the denial of ice demonstrated "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment" for a serious medical need. *Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir.1989) (citation and internal quotation marks omitted).

There is evidence in this record that prison officials simply refused to follow the directions of Plaintiff's treating physician with respect to treatments designed to combat the onset of AIDS. Plaintiff's medical need for the treatment was serious, and there is evidence that the officials were deliberately indifferent to that need. *See Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir.1999) (holding that "a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician").

There also is evidence that Plaintiff was injured by the refusal to give him ice. He claims that he suffered severe dehydration; an unrelenting pounding in his head brought on by migraine headaches; and a burning sensation in his throat, chest, and stomach.

Thus, Plaintiff offered sufficient evidence to raise a genuine issue of material fact as to whether Defendants were deliberately indifferent to his serious medical needs. The district court erred by granting summary judgment to Defendants on this claim.[1]

---

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Defendants argue that they are entitled to qualified immunity. This argument is unavailing, because " '[a] public official is not entitled to qualified immunity when the con-

**B.** *Retaliation.*

■ Plaintiff failed to introduce evidence raising a genuine issue of material fact as to whether he was sanctioned for exercising his constitutional rights to file an administrative complaint. *See Pratt v. Rowland,* 65 F.3d 802, 806–07 (9th Cir. 1995) (holding that, to prevail on a § 1983 retaliation claim, a prisoner must submit evidence establishing a link between the prisoner's exercise of constitutional rights and the alleged retaliatory action). The administrative complaint that Plaintiff filed regarding Goff's refusal to give him ice on March 18, 1999, does not mention Goff's alleged demand for Plaintiff to withdraw his grievance.

Accordingly, the district court properly granted summary judgment on Plaintiff's retaliation claim.

**C.** *Declaratory Relief.*

■ The district court properly dismissed Plaintiff's claim for declaratory relief. We held in *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir.1995), that when an inmate is transferred, an individual claim for injunctive relief against the inmate's former prison becomes moot. That is the situation here.

AFFIRMED in part, REVERSED in part, and REMANDED. Costs to Appellant.

tours of the allegedly violated right were sufficiently clear that a reasonable official would understand that what he [was] doing violate[d] that right.'" *Jeffers v. Gomez,* 267 F.3d 895, 910 (9th Cir.2001) (per curiam) (quoting *Osolinski v. Kane,* 92 F.3d 934, 936 (9th Cir.1996) (alterations in original)). The law concerning deliberate indifference was clearly defined at the time the Defendants refused Plaintiff the prescribed ice, and a reasonable official would have understood that the alleged actions were contrary to law.

