Samuel **CARTER**, Plaintiff–Appellant,

v.

James **O'MALLEY;** et al.,
Defendants–Appellees.

No. 06–35548.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008.[*]

Filed March 12, 2008.

Samuel Carter, Ester, AK, pro se.

Ruth Botstein, DAG, Agak—Office of the Alaska Attorney General, Anchorage, AK, for Defendants–Appellees.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Samuel Carter appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that the warrantless search of his hotel room violated the Fourth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir.2007), and we may affirm for any reason supported by the record, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994). We affirm.

Although the district court failed to apply the two-step test outlined in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), it correctly determined that defendants were entitled to qualified immunity. Under *Saucier*, courts "must examine first whether the [officers] violated [the plaintiff's] constitutional rights on the facts alleged and, second, if there was a violation, whether the constitutional rights were clearly established." *Desyllas v. Bernstine*, 351 F.3d 934, 939 (9th Cir. 2003) (citing *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151).

Viewing the summary judgment record in the light most favorable to Carter, *see Blankenhorn*, 485 F.3d at 470, the facts here may well support a Fourth Amendment violation, *see Saucier*, 533 U.S. at 201, 121 S.Ct. 2151. However, the existence of a reasonable expectation of privacy under the circumstances alleged was not clearly established at the time of the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

incident involving Carter. *See id.* at 202, 121 S.Ct. 2151 (holding that for purposes of qualified immunity, "[t]he contours of [a] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."); *United States v. Dorais*, 241 F.3d 1124, 1129 (9th Cir.2001) (clarifying that, despite the "general rule [that] a defendant's expectation of privacy in a hotel room expires at checkout time[,]" "the policies and practices of a hotel may result in the extension past checkout time of a defendant's reasonable expectation of privacy."). Carter's reliance on post-incident case law is unavailing. *See Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir.1996) ("Generally, courts do not look to post-incident cases to determine whether the law was clearly established at the time of the incident.").

Carter's remaining contentions are not persuasive.

**AFFIRMED.**