**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH L. HOWARD, | No. 11-15381 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00859-RTB-PCL |
| v. | |
| ANTHONY HEDGPETH, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 17, 2012[**]

Before:      SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Kenneth Howard, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison

officials compelled him to work in unsafe conditions that resulted in injury to his

hand and violated his constitutional rights.  We have jurisdiction under 28 U.S.C.

------

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment to Warden Hedgpeth because Howard adduced no evidence supporting his allegation that the Warden knew of the loose metal on the freezer prior to Howard's injury. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (Eighth Amendment deliberate indifference claim requires showing that defendant knew of and disregarded a substantial risk of serious harm); *Barren v. Harrington*, 152 F.3d 1193, 1994 (order) (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant.").

The district court also properly granted summary judgment to the other defendants on the basis of qualified immunity because a reasonable prison official could have believed that instructing Howard to push a pallet through the doorway with loose metal was not an Eighth Amendment violation. *See Osolinski v. Kane*, 92 F.3d 934, 938–39 (9th Cir. 1996) (concluding that a single defective device, without other conditions contributing to the threat to the inmate, does not objectively give rise to an Eighth Amendment violation).

Howard's remaining contentions are unpersuasive.

**AFFIRMED.**

11-15381