**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUMBERTO I. MIRANDA, | No. 22-55299 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01605-LAB-RBM |
| v. | |
| RAYMOND MADDEN, Warden, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 6, 2024[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

California state prisoner Humberto Miranda appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action for the reason of defendants' qualified immunity. Because the facts are known to the parties, we repeat them only as necessary to explain our decision. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

I.

Miranda alleged that prison officials violated the Eighth Amendment when pieces of a water-damaged ceiling in the prisoner visiting room fell upon him, injuring his shoulder. The district court did not err in concluding that the defendants are entitled to qualified immunity on Miranda's conditions of confinement claim because the constitutional right allegedly violated is not clearly established. No binding case law informs the defendants that their conduct in this case would violate the Eighth Amendment. *Osolinksi v. Kane*, 92 F.3d 934, 937-38 (9ᵗʰ Cir. 1996) (concluding that defendants were entitled to qualified immunity when they failed to repair an oven door that fell off its hinges in the prison visiting area); *see Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022) (explaining that we may analyze the two prongs of qualified immunity in any order).

II.

Miranda requests a remand to the district court because he did not receive a mailed copy of the magistrate's report and recommendation until after judgment was entered. Miranda, however, timely appealed to this court and fully briefed his objections. Accordingly, we deny Miranda's request for a remand.

**AFFIRMED.**